IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONCEPT ENGINEERING LLC, | |
| Plaintiff, | |
| | Case No. _____ |
| v. | |
| PINTEREST, INC. | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

## COMPLAINT

Plaintiff Concept Engineering LLC ("**Concept Engineering**" or "Plaintiff"), for its Complaint against Pinterest, Inc. ("**Pinterest**" or "Defendant"), alleges and states as follows:

## NATURE OF THE ACTION

1.      This is an action for direct and contributory copyright infringement under 17 U.S.C. § 106, *et seq*.; and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 and 1202.

## THE PARTIES

2.      Plaintiff Concept Engineering is an Estonian corporation, with a principal place of business at Katusepapi 6, Tallinn, Estonia.

3.      Upon information and belief, Defendant Pinterest is a Delaware corporation with a principal place of business in California, and conducts business in this judicial district.  Pinterest may be served with process through its registered agent The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

4.      This action arises under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq*.  This Court has jurisdiction over the subject matter of this action pursuant to, *inter alia*, 28

U.S.C. §§ 1331, 1338, and 1367.

5.      Pinterest is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Delaware Long-Arm Statute, due at least to its significant business in this forum, including a substantial portion of the infringements alleged herein. Furthermore, Pinterest is subject to this Court's specific and general personal jurisdiction because Pinterest is a Delaware corporation.

6.  Pinterest has made unauthorized copies, displayed, distributed, and made available for download, copying and further distribution Concept Engineering's copyrighted materials within this state, thereby committing and continuing to commit, acts of copyright infringement alleged herein. In addition, Pinterest has derived substantial revenues from its infringing acts occurring in Delaware. Further, Pinterest is subject to the Court's general personal jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Delaware. Further, Pinterest is subject to the Court's personal jurisdiction at least due to its sales and services within Delaware. Pinterest has committed such purposeful acts and/or transactions in Delaware such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and § 1400(a) because Pinterest conducts business in Delaware, maintains registered agents in the district, and a substantial part of the events that give rise to this Complaint occurred in this judicial district.

## **GENERAL ALLEGATIONS**

### **Plaintiff Concept Engineering LLC**

8.      Concept Engineering is an international architecture firm that has developed and owns

a vast collection of architectural works, house plans and renderings, which it markets and licenses to customers worldwide. The majority of Concept Engineering's customers are located in the United States. Concept Engineering owns the intellectual property rights, including all copyrights, in its architectural works, house plans and renderings, and has registered many of them with the U.S. Copyright Office. *See* **Exhibit A** (list of Concept Engineering's federally registered copyrighted works) (the registered works are referred to herein as the "**Concept Works**").

9.     When Concept Engineering registers its works with the U.S. Copyright Office, it uses a standard naming convention that includes "CH" referring to Concept Engineering's brand "ConceptHome" and the numbers corresponding Concept Engineering's specific works. For example, "House Plan CH591," "House Plan CH592," "House Plan CH593."

10.     Likewise, Concept Engineering uses a standard file naming convention for all of its Works. Like the copyright registrations, the file names wholly incorporate the titles identifying the copyrighted works, such as "001_House_Plan_CH591," "002_House_Plan_CH591," "002_House_Plan_CH592" with CH referring to Concept Engineering's brand "ConceptHome" and the numbers corresponding Concept Engineering's specific works.

11.     Concept Engineering ensures that all authorized copies of the Concept Works include Copyright Management Information ("**CMI**") in the form of the file name, metadata, and URL backlinks to Concept Engineering's website found at concepthome.com ("**Concept Website**"). The various forms of CMI identify Concept Engineering as the copyright owner of the works and allow Concept Engineering to prevent and detect copyright infringement.

12.     File names are an essential form of CMI for the Concept Works. When files are named according to a standard convention and include CMI like the work-identifying name, then it is quite easy for the copyright owner to police infringements because the works are easily searchable and identifiable by the file name. Indeed, Concept Engineering has used this method for protecting

and preventing infringement for many years, naming its files according to a standard identifying convention and then using different search engines to search for these names and thereby finding infringing uses of its works.

13.     In November 2020, to further protect its works and prevent third-parties from downloading and infringing images from the Concept Website, Concept Engineering disabled the ability to right-click images on its site, thereby preventing download, copying and saving the images from the Concept Website. When a user attempts to right-click images on the Concept Website, they instead encounter a pop-up message:

> www.concepthome.com says
>
> It is forbidden to download images from this website. This is a copyright violation.
>
> OK

14.     Preventing the ability to right-click on an image is a standard technical measure commonly used by website owners to prevent unauthorized copyright, download and distribution of their content.

15.     Concept Engineering's use of file names, embedding metadata in image files, back-linking to the Concept Website, and disabling right-click functionality are commonly used measures used by copyright owners to identify and protect copyrighted works and to prevent and detect copyright infringement. These measures have developed pursuant to a broad consensus of copyright owners and service providers. The use of CMI and disabled right-click functionality do not impose substantial costs on internet service providers or substantial burdens on their systems or networks.

**<u>Defendant Pinterest, Inc.</u>**

16.     Defendant Pinterest is an image-based platform that allows its users, through its website pinterest.com and its mobile application, to create and share virtual bulletin boards ("**Boards**") to which the user has posted or "pinned" a bookmark to content that is either (1) on the user's computer or phone or (2) somewhere online. Pinterest refers to its users' posts of content as "**Pins**." Pinterest users can browse, react to, and comment on each other's Boards and Pins, and can further "re-pin" content on Pinterest to their own Boards, inline link to the content on another website, share the content through social media or email, or even download content directly to the user's own device.

17.     Pinterest explains in its financial reports that it "generate[s] revenue by delivering ads on our website and mobile application." More specifically, on information and belief, Pinterest monetizes the images and content on its website and app by displaying and distributing those images to its users along with targeted advertising.

18.     As further explained in the paragraphs below, Pinterest has set up a platform through which copyright infringement is rampant and unhindered. Indeed, Pinterest has facilitated and enabled this rampant infringement in a multitude of ways, including:

     a.  Facilitating and encouraging posting and copying of third-party content;

     b.  Engaging in excessive and gratuitous copying from the moment content is "pinned" to the Pinterest service;

     c.  Providing third-parties with a means to copy, download, and distribute copyrighted works;

     d.  Providing and promoting tools for third-parties to circumvent, and itself circumventing, copyright protection systems;

     e.  Providing for "secret boards" within the platform to which no one except the user,

the user's invitees, and Pinterest itself, has access, which further conceals infringement and prevents enforcement;

f.    Allowing infringing content to remain on Pinterest despite specific identification that the content is infringing; and

g.    Removing CMI, including by changing file names and backlinks.

**Pinterest Facilitates and Encourages Copying and Distribution of Copyrighted Content**

19.    On its "All about Pinterest" page (https://help.pinterest.com/en/guide/all-about-pinterest), Pinterest explains that it is "a visual discovery engine for finding ideas," that there are "billions of Pins" and that "Pins are bookmarks that people use to save content they love on Pinterest. Pins can be images, videos or products." Pinterest claims that "[i]f you click through the Pin, you can visit the website to learn how to make it or where to buy it." To create a Pin, Pinterest explains that you can either "[u]pload an image from your computer or mobile device" or "[y]ou can also create and save Pins from images you find online."

20.    To pin content from the internet, Pinterest provides various options that facilitate and encourage posting of third-party content over which the Pinterest user has no rights. Pinterest users can download a Pinterest browser button extension, which puts a Pinterest logo button over *every image online and allows for one click posting to Pinterest*. Users can also provide Pinterest with a website's URL, and Pinterest then captures the images from that URL and allows users to select the images to pin. *See* Pinterest's instructions on how to save Pins from images found online, *available at* https://help.pinterest.com/en/article/add-pins-from-the-web.

21.    Third parties have created Pins of Concept Engineering's works from the Concept Website and a massive number of Concept Engineering's works have appeared on Pinterest without Concept Engineering's permission. In fact, each and every one of the Concept Works have been posted to Pinterest by a third-party without Concept Engineering's permission.

### Pinterest Engages in Gratuitous and Unauthorized Copying

22.     When a Pinterest user creates a Pin, Pinterest does not simply inline link to the original image at the source. Instead, Pinterest fetches the underlying image from the source website and creates copies of the underlying image that it then saves to Pinterest's server, PINIMG.com ("**Pinterest Server**"). Upon information and belief, Pinterest creates at least eight copies of the underlying images that are modified images of various sizes and saves these unauthorized copies to the Pinterest Server. This copying by Pinterest is not readily apparent to a Pinterest user, but in the background, Pinterest is saving images from all over the internet to the Pinterest Server.

23.     Upon information and belief, the vast majority of Pins are for third-party content. Importantly, if the Pinterest user created a Pin from third party content, the Pinterest user is not the copyright owner and had no permission to do so and Pinterest itself had no permission to make and save copies to the Pinterest Server. Nonetheless, upon information and belief, Pinterest has programmed its system to obtain the maximum number of images from all over the internet under its direct control on the Pinterest Server.

24.     Without Concept Engineering's permission or authorization, third parties have created Pins of each of the Concept Works from the Concept Website and Pinterest has in turn fetched the underlying image from the Concept Website and created copies of the Concept Works that it then saved to the Pinterest Server. Upon information and belief, Pinterest created at least eight copies of each of the Concept Works that are modified images of various sizes and saved these unauthorized copies to the Pinterest Server. Thus, for every copy of Concept Engineering's copyrighted works, including the Concept Works, that a third-party has illegally saved and pinned from the Concept Website, Pinterest has created and saved at least eight new resized, renamed copies of them on its server ("**Infringing Copies**").

**Pinterest Displays, Distributes, and Provides the Means to Copy, Download, and Distribute Copyrighted Works**

25.     Once a Pin is created, the pinned image is widely available for further copying, display and distribution.

26.     Pinterest users can further share the image by sending the Pin through social media or email or simply sharing the link (shown below).



27.     Pinterest users can also download copies of the pinned images onto their computer or mobile device via Pinterest's download button, as illustrated below.  The downloaded images can then be viewed or used offline, allowing third-parties to do whatever they please with the downloaded images without restriction, including further copying and distributing the images both inside and outside Pinterest's platform.





28.     Without Concept Engineering's authority or permission, third-parties have created Pins of each of the registered Concept Works from the Concept Website, Pinterest has fetched the underlying image from the Concept Website, created copies of the Concept Works, saved those copies to the Pinterest Server, displayed those images on Pinterest, and made them available for further distribution, copying, and download.

**Pinterest Circumvents Copyright Protection Systems and Technological Tools**

29.     To protect its works and prevent third-parties from downloading and copying images from the Concept Website, Concept Engineering disabled the ability to right-click images on the Concept Website, thereby preventing download, copying and saving the images from the Concept Website. When a user attempts to right-click images on the Concept Website, they instead encounter a pop-up message stating "It is forbidden to download images from this website. This is a copyright violation." Preventing the ability to right-click on an image is a standard technical measure commonly used by website owners to prevent unauthorized copying, download and distribution of their content.

30.     However, Pinterest circumvents this copyright protection system and allows its users to circumvent this copyright protection system. When a Pinterest User creates a Pin and provides a URL to the Concept Website, Pinterest fetches the images, makes copies, saves them to the Pinterest Server, displays the images in the resulting Pin, and then allows all Pinterest users to further share, copy and download those images.

31.     By way of these aforementioned tools, third-parties have been able to create and save Pins based on the Concept Works found on the Concept Website, despite Concept Engineering's efforts to prevent third-parties from downloading its copyrighted images by disabling the right-click function. Once third-parties have saved Pins based on the Concept Works found on the Concept Website, other users can now download the Concept Works directly from Pinterest's website onto their computers or mobile device, and use them offline and free of restrictions.

32.     As a result, Pinterest has circumvented, and has enabled Pinterest's users to circumvent, Concept Engineering's technological measure that effectively controls access to Concept Engineering's works, including the Concept Works.

**Pinterest Conceals Infringement and Prevents Enforcement through "Secret Boards"**

33.   Pinterest also makes available to users a tool called "secret boards" whereby only the user that creates the board and users that they invite to view the board will be able to see the content. Pinterest explains that "Secret Pins and boards will not appear in your home feed, in search, or anywhere else around Pinterest." Pinterest further explains that "When you save Pins to a secret board, the person you saved from will not get a notification and the Pin's count will not increase." And that "When you save Pins from a secret board, we will not show the name of the person you saved it from on your new Pin." *See* https://help.pinterest.com/en/article/secret-boards.

34.    These "secret boards" and "secret pins" enable Pinterest and its users to engage in copyright infringement without the knowledge of the content owner. A copyright owner that is searching for infringing content on Pinterest will be unable to find or report infringing content on the "Secret Boards," thereby preventing enforcement, and concealing, encouraging and facilitating continued and additional infringement.

35.   As a result, though Concept Engineering has found tens of thousands of infringements on Pinterest, upon information and belief, there are many more that are concealed through Pinterest's Secret Board tool.

36.   In sum, Pinterest facilitates, instructs, and encourages third-parties to infringe the Concept Works by providing and promoting the tools needed to circumvent the technical copyright protections that Concept Engineering has in place to prevent third-parties from copying and/or downloading its copyrighted image, facilitates further infringement, and conceals that infringement, thus preventing Concept Engineering's enforcement.

**Pinterest Has Failed to Expeditiously Remove Infringing Material Despite Having Actual and/or Red Flag Knowledge**

37.   Over the past three years, Concept Engineering has been forced to send tens of thousands of Digital Millennium Copyright Act ("DMCA") takedown notices to Pinterest.

Pinterest claims to have a robust DMCA takedown system, however, Concept Engineering's experience demonstrates that Pinterest's DMCA takedown system is flawed and ineffective.

38.     When a valid DMCA take-down notice pursuant to 17 U.S.C. 512(c) is sent, Pinterest removes the identified Pin. Pinterest, however, does not consistently remove other Pins of the same image that exist on Pinterest. Pinterest sometimes removes other Pins of the same image, but not always, even though it has specific knowledge that those Pins are infringing. It is unclear to Concept Engineering when or why Pinterest does not consistently remove other Pins of the same image. Further, Pinterest does not remove the multiple copies of the image that Pinterest itself made and stores on its own publicly accessible server even though it has specific knowledge that those Infringing Copies on its server are infringing. These Infringing Copies remain publicly accessible, publicly displayed, and are distributed to the public on the Pinterest Server.

39.     Pinterest claims to make available a "remove all" option on its DMCA take-down form that Pinterest alleges will "remove all copies of the image identified in your request." This implies that Pinterest is indeed easily capable of removing all copies of identified infringing content and yet does not do so unless specifically demanded, despite specific knowledge of infringing content. Concept Engineering has attempted to use this "remove all" option and has determined that it appears to remove re-pins and other Pins of the image, but it does not consistently remove images that have been saved to the Pinterest Server. For instance, Concept Engineering has discovered that when one of its images has been saved on the Pinterest Server and a third party creates a Pin from that image on the Pinterest Server, the image on the Pinterest Server will not be removed by Pinterest in response to a DMCA take-down notice that includes the "remove all" option. Concept Engineering has seen this occur on numerous occasions. As just one non-exhaustive example, in April 2020, Concept Engineering sent a valid DMCA take-down request for a Pin requesting that Pinterest "remove all," and to this day, the infringing image still appears on the Pinterest Server.

Concept Engineering informed Pinterest on April 21, 2020 that Pinterest's responses were not effective and yet Pinterest refused to act.

40.    When acting in response to a DMCA take-down request, Pinterest sends an email to each user who had pinned or re-pinned the image to notify the users that the image has been removed, and Pinterest includes a copy of the infringing image in the notification email ("notification emails").  Images contained in these notification emails are in scale and identical to the original work, but smaller and with lower resolution. Pinterest has done this in response to DMCA take-down requests sent by Concept Engineering regarding the Concept Works. By doing so, Pinterest not only further distributed and displayed the infringing images to its users, but also made it impossible for Concept Engineering to prevent and stop infringement of its Works because these infringing copies of Concept Engineering's Works now reside in users' emails and computers, which Concept Engineering has no ability to control or monitor. Such users can easily create copies that are larger, sharper, and higher resolution, using standard image editing software, and upload the infringing image to their own website and/or create new Pins. Pinterest's actions negatively affect Concept Engineering's market for its Works; for example, if the infringing image included Concept Engineering's floor plans, then users can use those plans, replacing the need to purchase and license plans from Concept Engineering.

41.    Pinterest has both actual and red flag knowledge of the infringement on its system, when it further distributes the infringing images, and of the Infringing Copies on the Pinterest Server. Concept Engineering put Pinterest on notice through valid DMCA take-down notices of specific infringing Pins and Pinterest proceeded to further distribute infringing copies to users of the images in those Pins and to keep the Infringing Copies on the Pinterest Server that Pinterest itself made, even after the identified Pins are removed.

42.    To date, having actual and/or red flag knowledge of such infringement, Pinterest has

not removed or disabled access to a multitude of Infringing Copies saved on the Pinterest Server. In other words, the Infringing Copies are still accessible, displayed, and/or distributed to the public on the Pinterest Server.

**Pinterest's Removal of Concept Engineering's CMI in the Form of File Names**

43.    As described above, for every image a user pins to Pinterest, Pinterest creates Infringing Copies of the image. When Pinterest creates those Infringing Copies, it strips the original file name from the original image and gives each copy a new anonymous file name. Pinterest then saves these Infringing Copies with their new file names to the Pinterest Server. Thus, in the process of creating these Infringing Copies, Pinterest has deliberately stripped identifying information and CMI from Concept Engineering's works, including the Concept Works.

44.    Specifically, when Concept Engineering or a third-party pins an image of Concept Engineering's works, including the Concept Works, Pinterest replaces Concept Engineering's original file name (which contains CMI identifying the title of the copyrighted works and Concept Engineering as the source) with a new anonymous file name before storing that image on the Pinterest Server. As just one non-exhaustive example, Concept Engineering pinned one of its Works under the file name "889_house_plan_ch596.jpg." Pinterest then created a new file renamed as "cd187982d99e8f3e2b39edef15a7cd96.png" and stored it on the Pinterest Server.

45.    File names are a very efficient form of CMI for copyright holders and changing the files names facilitates and conceals copyright infringement. The file names are essential CMI for Concept Engineering's works; when files are named according to a standard convention and include CMI like the work identifying name, then it is quite easy for the copyright owner to police infringements. Indeed, Concept Engineering has used this method of many years, naming its files according to a standard identifying convention and then using different search engines to search for and find infringing uses of its works. Copyright owners, on the other hand, cannot do easy

searches by watermark. Thus, if an image's file name has been renamed, discovering infringements based on these image searches becomes almost impossible. Moreover, Pinterest's practice of automatically creating at least eight new different sized files for every image pinned to Pinterest, all of which have been renamed, makes it exponentially more difficult to find and remove infringements.

46.     By removing the original file names, Pinterest ensures that copyright owners have lost control of their images and cannot easily identify their works on Pinterest's website or on any third-party websites, thereby preventing them from identifying infringement and submitting meaningful take down notices to Pinterest. Upon information and belief, Pinterest deliberately removes this CMI to actively thwart Concept Engineering from policing misuse of its works on Pinterest's website.

47.     Further, upon information and belief, Pinterest is aware of and yet facilitates and enables further infringement. **Exhibit B** provides an example of an infringing pin using Concept Engineering's House Plan CH596 image that links back to a third-party website. The third-party website "pinned" this image and linked to its own site by using a renamed file on the Pinterest Server in which Pinterest had removed Concept Engineering's CMI. This Pin and the underlying file have no reference to Concept Engineering, to the original file name or to the house plan name CH596. Nonetheless, when users search Pinterest for the phrase "House Plan CH596," Pinterest displays this infringing pin, indicating that Pinterest has backend knowledge of the original and true source of the image and yet allows it to be renamed and link to a third-party source.

48.     On January 7, 2021, Concept Engineering informed Pinterest's counsel via email that by changing Concept Engineering's works' file names, Pinterest was removing CMI and facilitating infringement.

49.     On February 25, 2021 and April 28, 2021, Concept Engineering sent Pinterest cease

and desist letters again informing Pinterest that by changing the file names and removing the metadata, Pinterest was removing Concept Engineering's CMI. Concept Engineering's letters put Pinterest on notice of its CMI violations pursuant to 17 U.S.C. § 1202(b). To date, Pinterest has continued to disregard Concept Engineering's demands to cease removing CMI from its works.

50.     Thus, Pinterest had actual knowledge that it had removed and/or altered the CMI of Concept Engineering's works, including the Concept Works. Pinterest further knew or had reason to know that such removal would facilitate, induce, enable, or conceal its own infringement in which Pinterest engaged in the unauthorized copying, modification, creation of derivative works, display, and distribution of Concept Engineering's works, including the Concept Works. Nonetheless, Pinterest continued to remove and alter Concept Engineering's CMI and to conceal its own infringement and third-party infringement on its site.

**Pinterest's Removal of Concept's CMI in the Form of Redirected Links**

51.     In addition to stripping the file names from Concept Engineering's works, including the Concept Works, a countless number of Concept Engineering's works on Pinterest are not linked back to the Concept Website.

52.     Backlinks to the Concept Website serve to identify Concept Engineering as the source, author, and/or copyright owner of Concept Engineering's works, and therefore constitute CMI.

53.     Specifically, Concept Engineering has found numerous examples where the links in Pins to Concept Engineering have been changed to redirect to third-party websites, including but not limited to major retail sites such as Amazon, eBay, Etsy, Forever21, Dorothy Perkins, Jo-Ann Fabrics and Craft Stores, Zara, Wayfair, and Home Depot. Some of these companies have been featured as Pinterest's "Success Stories" as retail outlets that have benefited from Pinterest, including increased traffic from Pinterest to those sites, and who are believed to be Pinterest's affiliate partners or clients either directly or through intermediary affiliate networks and partners.

54.     Upon information and belief, the changes to these links emanate from Pinterest itself. For example, the links have been changed in a such way that is not possible with tools that are available to regular users; they are redirected to retailers who have been featured as Pinterest's "Success Stories"; Pinterest promotes these Pins with changed backlinks in its home feed and search results; and Pinterest has used Concept Engineering's works with changed links as advertisements, a function that users do not possess the ability to do.

55.     The redirected Pins do not simply redirect to nefarious third-party websites, such as those created by spambots. Rather, these fake Pins are redirecting to major retailers that, upon information and belief, Pinterest is systematically promoting and profiting from by modifying the links to which the Pins direct.

56.     On February 25, 2021 and April 28, 2021, Concept Engineering sent Pinterest cease and desist letters, informing Pinterest that such redirected links were in violation of Concept's rights. To date, Pinterest has not taken any action to correct this behavior. Instead, in response to complaints from Concept and from retail outlets regarding the incorrect links, Pinterest has claimed that the changes in links may have been caused by technological errors on its system, yet upon information and belief, has failed to do anything to stop this activity. Indeed, the repeated and recurrent nature of the false links demonstrate that Pinterest has taken no action to stop the incorrect linking and instead it and its affiliates continue to benefit from the redirection to incorrect links.

## COUNT I
## Direct Copyright Infringement

57.     Concept Engineering repeats, realleges, and incorporates by reference each and every allegation contained in the above paragraphs as though fully set forth herein.

58.     Concept Engineering owns all copyright in its copyrightable works, including the Concept Works. Concept Engineering's works, including, including the Concept Works, are

original works fixed in a tangible medium of expression. The Concept Works are registered with the U.S. Copyright Office. Registration Numbers for the Concept Works that have been infringed by Pinterest are identified in **Exhibit A** hereto.

59.     Pinterest had access to Concept Engineering's copyrightable works, including the Concept Works, online through Pinterest users creating Pins of Concept Engineering's copyrightable works, including the Concept Works, from the Concept Website onto Pinterest's platform.

60.     Pinterest made unauthorized copies, displayed, distributed, and made available for download, copying and further distribution, Concept Engineering's copyrightable works, including the Concept Works, all in violation of Concept Engineering's exclusive rights as the copyright holder under 17 U.S.C. § 106.

61.     Pinterest does not fall within the safe harbor provided by the Digital Millennium Copyright Act 17 U.S.C. § 512(c) for several reasons, including that Pinterest has specific knowledge of specific Infringing Copies of Concept Engineering's copyrightable works, including the Concept Works, and has not removed the Infringing Copies and in fact has further circulated infringing copies of Concept Engineering's copyrightable works, including the Concept Works, and that Pinterest does not accommodate and instead directly interferes with standard technical measures used by Concept Engineering to identify and protect copyrighted works, and provides tools to users that prevent enforcement, and conceal, encourage and facilitate continued and additional infringement.

62.     Concept Engineering has been irreparably harmed by Pinterest's copyright infringements, entitling Concept to injunctive relief. Upon information and belief, Pinterest will continue to infringe the copyright in Concept Engineering's copyrightable works, including the Concept Works, unless enjoined by this Court.

63.     Concept Engineering has sustained damages because of Pinterest's copyright infringement and Concept Engineering seeks monetary relief, including to recover actual damages such as Concept Engineering's losses and Pinterest's profits attributable to the copyright infringement.

64.     Concept Engineering is further entitled to, at its election, statutory damages in accordance with 17 U.S.C. § 504, of up to $150,000 for each of the Concept Works Pinterest infringed.

65.     Concept is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 505.

**COUNT II**
**Contributory Copyright Infringement**

66.     Concept Engineering repeats, realleges, and incorporates by references each and every allegation contained in the above paragraphs as though fully set forth herein.

67.     Concept Engineering owns all copyright in Concept Engineering's copyrightable works, including the Concept Works. Registration Numbers for the Concept Works that have been infringed by Pinterest are identified in **Exhibit A** hereto.

68.     Numerous of Concept Engineering's works, including each and every one of the Concept Works, have been directly infringed by Pinterest Users. Without Concept Engineering's authority or permission, third parties have created Pins of Concept Engineering's works, including each of the registered Concept Works from the Concept Website, causing Pinterest to fetch and make copies of Concept Engineering's works, including each of the registered Concept Works, from the Concept Website, save those copies to the Pinterest Server, display those images on Pinterest and the Pinterest Server, and make them available for further distribution, copying, and download.

69.     Pinterest has both actual and red flag knowledge of the Infringing Copies because

19

Concept Engineering put Pinterest on notice through valid DMCA take-down notices of specific infringing Pins on which the Infringing Copies are based and Pinterest itself created the Infringing Copies and therefore knows those Infringing Copies exist on the Pinterest Server, even when the identified Pins are removed.

70.     To date, having actual and/or red flag knowledge of such infringement, Pinterest has not removed or disabled access to a multitude of Infringing Copies saved on the Pinterest system and Server. Instead, Pinterest materially contributes to and induces continued infringement of these Infringing Copies. The Infringing Copies are still accessible, displayed, and/or distributed to the public on the Pinterest system and Server despite Pinterest's specific knowledge that these materials are infringing.

71.     When acting in response to a DMCA take-down request, Pinterest further distributes the infringing images, sending notification emails that include a copy of the infringing image.  Pinterest has done this in response to DMCA take-down requests sent by Concept Engineering regarding Concept Engineering's works, including each of the registered Concept Works. By doing so, Pinterest further distributed and displayed the infringing images to its users and facilitated further copying and distribution.

72.     As alleged hereinabove, Pinterest has facilitated and enabled rampant third-party infringement by setting up a system that provides and promotes tools for third-parties to circumvent Concept Engineering's copyright protection systems, thereby providing third-parties with a means to copy, download, and distribute the Concept Works both on and outside Pinterest's website. Pinterest does not accommodate and instead directly interferes with standard technical measures used by Concept Engineering to identify and protect copyrighted works, and provides tools to users that prevent enforcement, and conceal, encourage and facilitate continued and additional infringement.

73.     Pinterest's actions and inactions knowingly induced, caused, or materially contributed to third-party infringement of the Concept Works, including Concept Engineering's exclusive rights to reproduce, distribute, and display such copyright materials.

74.     By reason of Pinterest's acts of contributory infringement as alleged above, Concept Engineering has sustained damages and seeks monetary relief, including to recover actual damages such as Concept Engineering's losses and Pinterest's profits attributable to the contributory copyright infringement.

75.     Concept Engineering is further entitled to, at its election, statutory damages in accordance with 17 U.S.C. § 504, of up to $150,000 for each of the Concept Works infringed.

76.     Concept Engineering is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 505.

**COUNT III**
**Circumvention of Copyright Protection Systems – 17 U.S.C. §§ 1201, *et seq.***

77.     Concept Engineering repeats, realleges, and incorporates by references each and every allegation contained in the above paragraphs as though fully set forth herein.

78.     To protect its works and prevent third-parties from downloading and copying images from the Concept Website, Concept Engineering disabled the ability to right-click images on the Concept Website, thereby preventing download, copying and saving the images from the Concept Website. Preventing the ability to right-click on an image is a technological measure that effectively controls access to a copyright work. It is a standard technical measure commonly used by website owners to prevent unauthorized copyright infringement, download and distribution of their content.

79.     Pinterest circumvents this technological measure that effectively controls access to copyrighted works in violation of 17 U.S.C. § 1201(a)(1).

80.     Pinterest offers to its users and provides technology designed to circumvent this technological measure that effectively controls access to copyrighted works in violation of 17 U.S.C. § 1201(a)(2).

81.     Pinterest circumvents this copyright protection system and allows its users to circumvent this copyright protection system. Pinterest is using its browser button extension and other similar programs, technology, products, services, devices, components, or part thereof that are primarily designed and produced to circumvent the technological measures that Concept Engineering used to effectively control access to its copyrighted content. Third-party users are actively utilizing Pinterest's technology to circumvent Concept Engineering's right click functionality to access, download, and distribute Concept Engineering's copyrighted materials.

82.     Further, Pinterest provides tools to users that prevent enforcement, and conceal, encourage and facilitate continued and additional infringement. Pinterest makes available to users tools called "secret boards" and "secret pins" that enable Pinterest and its users to engage in copyright infringement without being discovered by the content owner. These "secret boards" and "secret pins" allow users to circumvent copyright protection and all searching or discovery of the infringing content. Third-party users are actively utilizing Pinterest's technology to circumvent Concept Engineering's ability to find infringement of its copyrighted materials.

83.     Pinterest's circumvention of copyright protection systems constitutes a separate and independent unlawful act and claim for relief from those stated in the above causes of action.

84.     Concept Engineering has sustained and will sustain actual damage as the result of Pinterest's violations and is entitled to recover for those actual damages as well as Pinterest's profits attributable to the violation.  17 U.S.C. § 1203(c)(2).

85.     Alternatively, and at its election, Concept Engineering is entitled to an award of the maximum statutory damages as permitted by the DMCA.  17 U.S.C. § 1203(c)(3).

86.     Pinterest's conduct, unless enjoined and restrained by this Court, will cause immediate and irreparable injury to Concept Engineering, which has no adequate remedy at law.  Pursuant to 17 U.S.C. § 1203(b)(2), Concept Engineering is entitled to preliminary and permanent injunctions prohibiting Pinterest's further violations of § 1201.

87.     Concept Engineering is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 1203.

## COUNT IV
## Removal of Copyright Management Information - 17 U.S.C. § 1202

88.     Concept Engineering repeats, realleges, and incorporates by reference each and every allegation contained in the above paragraphs as though fully set forth herein.

89.     At all times, all authorized copies of Concept Engineering's works, including the Concept Works include CMI in the form of the file name and URL backlink to the Concept Website.

90.     Concept Engineering has actually used this CMI to prevent and detect infringement.

91.     Pinterest, without Concept Engineering's authority, intentionally removed this CMI from Concept Engineering's works, including the Concept Works.

92.     Pinterest knows or has reasonable grounds to know that the removal or alteration of CMI from Concept Engineering's works or the distribution of Concept Engineering's works with CMI removed will induce, enable, facilitate or conceal infringement of Concept Engineering's copyrighted works.

93.     On January 7, 2021 and again, on April 28, 2021, Concept Engineering sent Pinterest cease and desist letters, putting it on notice of its CMI removal violations pursuant to 17 U.S.C. § 1202(b). Thus, Pinterest had actual knowledge that it had removed and/or altered the CMI from Concept Engineering's works, and it knew or had reason to know that such removal would facilitate, induce, enable, or conceal its own infringement in which Pinterest engaged in the

unauthorized copying, modification, creation of derivative works, display, and distribution of Concept Engineering's works.

94.     By removing the file names and changing the backlinks, Pinterest ensures that copyright owners, including Concept Engineering, cannot easily identify their works on Pinterest's website, thereby preventing them from identifying infringement and submitting meaningful take down notices to Pinterest. Indeed, Pinterest deliberately removes indicia of copyright ownership to conceal its own infringement and actively thwart Concept Engineering from policing misuse of its works on Pinterest's website.

95.     Upon information and belief, Pinterest exercised complete control over the programming that resulted in the removal of the CMI.

96.     By reason of its CMI removal, Concept Engineering has sustained and will continue to sustain substantial injury, loss, and damage to their ownership rights and is entitled to seek recovery of those damages. 17 U.S.C. § 1203(c)(2).

97.     Concept Engineering is entitled to recover any gains, profits, and advantages Pinterest obtained as a result of its removal of copyright management information from Concept Engineering's works, including the Concept Works. 17 U.S.C. § 1203(c)(2).

98.     Alternatively, and at its election, Concept Engineering is entitled to an award of the maximum statutory damages as permitted by the DMCA.  17 U.S.C. § 1203(c)(3).

99.     Pinterest's conduct, unless enjoined and restrained by this Court, will cause immediate and irreparable injury to Concept Engineering, which has no adequate remedy at law.  Pursuant to 17 U.S.C. § 1203(b)(2), Concept Engineering is entitled to preliminary and permanent injunctions prohibiting Pinterest's further violations of § 1201.

100.    Concept Engineering is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 1203.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Concept Engineering prays that this Court enter judgment as follows:

1.      For Concept Engineering and against Pinterest on all counts of the Complaint;

2.      That Pinterest, its agents, employees, representatives, partners, joint venturers and/or anyone acting on behalf of, or in concert with, Pinterest, or any of them, be enjoined and restrained preliminarily and permanently from:

        a.      Direct and Contributory Infringement of the Concept Works by Pinterest under 17 U.S.C. § 501, et seq.;

        b.      Circumvention of Concept Engineering's Copyright Protected Systems under 17 U.S.C. § 1201;

        c.      Removal or alteration of CMI by Pinterest from Concept Engineering's works, including the Concept Works under 17 U.S.C. § 1202; and

        d.      Continuing to perform in any manner whatsoever any of the acts complained of in this Complaint;

3.      An order requiring the deletion and destruction of all copies made by or under the control of Pinterest of the Concept Works under 17 U.S.C. § 503;

4.      An award of compensatory, consequential, statutory, exemplary, and punitive damages to Concept Engineering, including Pinterest's unlawful gains, in an amount to be determined at trial;

5.      At Concept Engineering's election, an award of statutory damages in accordance with 17 U.S.C. § 504 and 17 U.S.C. § 1203;

6.      An award of interest, costs and attorneys' fees incurred by Concept Engineering in prosecuting this action, pursuant to 17 U.S.C. § 505; and

7.    An award of any such other remedy, legal or equitable, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Concept Engineering demands a trial by jury on all issues so triable.


Respectfully submitted,


Dated:  October 19, 2021

/s/ *Daniel A. O'Brien*
Daniel A. O'Brien (Del. Bar No. 4897)
VENABLE LLP
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 298-3535
Facsimile:  (302) 298-3550
Email:  DAO'Brien@venable.com

Meaghan H. Kent (*pro hac vice* forthcoming)
Taylor G. Sachs (*pro hac vice* forthcoming)
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile:  (202) 344-8300
Email:  MHKent@venable.com
Email:  TGSachs@venable.com

*Counsel for Plaintiff Concept Engineering LLC.*