IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONCEPT ENGINEERING LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1465 (MN) |
| | ) |
| PINTEREST, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington, this 16th day of June 2022,

WHEREAS, on October 19, 2021, Plaintiff Concept Engineering LLC ("Plaintiff") filed a Complaint against Defendant Pinterest, Inc. ("Defendant") that alleges direct and contributory copyright infringement, circumvention of copyright protection systems, and removal of copyright management information (D.I. 1);

WHEREAS, on December 24, 2021, Defendant moved to compel arbitration on the grounds that Plaintiff agreed to arbitrate its claims when it accepted the pinterest.com Terms of Service when it signed up for a Pinterest account, said Terms containing an arbitration provision appearing to bind Plaintiff to arbitrate disputes stemming from its use of the Pinterest service (D.I. 12–15);

WHEREAS, a motion to compel arbitration will be granted under the 12(b)(6) standard if it is apparent that the plaintiff's claims are subject to arbitration based on the face of the complaint or documents relied upon in the complaint, and the non-moving party has not come forward with evidence placing the agreement to arbitrate in dispute, *see Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013);

WHEREAS, Plaintiff's Complaint does not reference the Terms of Service that Defendant insists requires arbitration of Plaintiff's claims (*see* D.I. 1), and based on the record properly before the Court,[1] it is not apparent that Plaintiff's claims stem from or relate to the Terms, *see Hubbard v. Comcast Corp.*, No. 18-16090-RBK-KMW, 2019 WL 2866067, at *2 (D.N.J. July 3, 2019) (refusing to compel arbitration before discovery where the complaint lacked any reference to an arbitration agreement); *Andre v. Dollar Tree Stores, Inc.*, No. 18-142-VAC-CJB, 2018 WL 3323825, at *6 (D. Del. July 6, 2018) (denying a motion to compel arbitration "because the Complaint and its supporting documents say nothing about whether Plaintiff agreed to arbitrate these disputes"); and

WHEREAS, even setting the above deficiencies aside, Plaintiff submitted evidence indicating that there is no agreement binding it to arbitrate its claims with Defendant, who is a non-signatory to the operative Terms that contain an arbitration agreement[2] (D.I. 20, Ex. A), *see Estate of Carmel by Warlen v. GIII Accumulation Tr.*, No. 21-658-MN-JLH, 2022 WL 1051385, at *2 (D. Del. Jan. 14, 2022) (denying motion to compel arbitration prior to discovery where the non-movant submitted evidence that certain signatures were not genuine and accordingly argued that it had never entered into a binding arbitration agreement); *Rodriguez v. Mastronardi Produce-*

---

[1] In support of its motion, Defendant submitted evidence that Plaintiff used the Pinterest platform extensively and, in its view, in a manner that brings the present dispute within the scope of the Terms' arbitration agreement. These documents, although perhaps supportive of Defendant's argument, are not properly before the Court at this stage. *See Hosang v. Midland Credit Mgmt., Inc.*, No. 19-cv-21740-BRM-JAD, 2020 WL 8366284, at *3 (D.N.J. Dec. 15, 2020) ("The materials the Court reviews on this initial motion to compel are those contained or incorporated in the complaint—not those attached to the motion papers."), *report and recommendation adopted*, No. 2:19-cv-21740-BRM-JAD, 2021 WL 307544 (D.N.J. Jan. 29, 2021).

[2] Plaintiff submitted evidence that Pinterest Europe Ltd., not Defendant, is a signatory to the operative Terms. At present, there is no evidence in the record shedding light on the relationship between Defendant and Pinterest Europe Ltd.

*USA, Inc.*, No. 1:20-cv-01702, 2021 WL 2634403, at *2 (M.D. Pa. June 25, 2021) (opining that "even if the complaint did attach or rely on the agreement to arbitrate, the court would still be inclined to order limited discovery given one or more of the unconscionability arguments raised by Ms. Rodriguez."); and

WHEREAS, when "the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, [] the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Guidotti*, 716 F.3d at 776 (internal quotations marks omitted);

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion to Compel Arbitration and Dismiss Plaintiff's Complaint or, in the Alternative, to Stay Litigation Pending Arbitration (D.I. 12) is DENIED without prejudice to renew after limited discovery.[3]

IT IS FURTHER ORDERED that the parties engage in discovery limited to the issue of whether Plaintiff's claims are arbitrable.

IT IS FINALLY ORDERED that the parties confer and, on or before June 30, 2022, submit a stipulation to the Court setting forth the deadlines for the completion of the limited discovery hereby ordered and for the filing of motions for summary judgment under Rule 56 of the Federal Rule of Civil Procedure on the question of whether the parties have entered into a valid and enforceable arbitration agreement covering Plaintiff's claims as set forth in its Complaint.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

---

[3] Plaintiff's Motion for Leave to File Surreply (D.I. 24) is DENIED-AS-MOOT.